THOMAS F. LANDERS [SBN 207335]
tlanders@swsslaw.com
JOHN A. KELLY [SBN 324463]
jkelly@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Defendant, MIDLAND CREDIT MANAGEMENT, INC.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| TIMOTHY CHANDLER,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation,<br><br>Defendant. | Case No. 37-2022-00012482-CL-NP-CTL<br><br>**ANSWER TO COMPLAINT**<br><br>Judge:   Hon. Gregory W Pollack<br>Dept:    C-71<br>Action Filed:    April 4, 2022 |

Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), on behalf of itself and no others, hereby responds with this Answer to the Complaint for damages filed by TIMOTHY CHANDLER ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant generally and specifically denies each and every allegation set forth in the Complaint, and the whole thereof, and generally and specifically denies that Plaintiff has been injured or has suffered any damages in any sum whatsoever.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, and without assuming or shifting any burden of proof required of Plaintiff to establish His claims, Defendant alleges on information and belief as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Arbitration Required by Contract)

Defendant alleges on information and belief that upon the election of Defendant or of Plaintiff, the parties are required to arbitrate all of his alleged claims under the terms of the contract between Plaintiff and the original creditor. Therefore, upon any party's election this Court lacks jurisdiction to hear such claims against this Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statute of limitations including, without limitation, 15 U.S.C. §1692k(d); Cal. Civil Code § 1788.30(f); and/or the equitable doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error. Specifically, Defendant maintains procedures to respond timely and appropriately to requests for validation.

## FIFTH AFFIRMATIVE DEFENSE

### (Set-Off)

Defendant is entitled to a set-off and credit against Plaintiff's claims based on Plaintiff's indebtedness.

## SIXTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute(s) Unconstitutional)

The statute or statutes are unconstitutional both on their face and as applied because they unconstitutionally restrict a creditor's or debt collector's speech and right to petition, and because they place a greater restriction on a debt collector's speech and petitioning activities than on a debtor's speech and petitioning activities, in violation of the First and Fourteenth Amendments of the United States Constitution.

## PRAYER

WHEREFORE, Defendant MIDLAND CREDIT MANAGEMENT, INC. requests judgment as follows:

1. That Plaintiff takes nothing by way of His Complaint, which should be dismissed with prejudice;

2. That Defendant recover from Plaintiff its costs according to proof;

1      3.     That Defendant recover their attorney's fees according to proof; and

2      4.     That the Court orders such other and further reasonable relief as the Court may deem just and proper.

DATED: May 5, 2022         SOLOMON WARD SEIDENWURM & SMITH, LLP

By:   */s/ Thomas F. Landers*
THOMAS F. LANDERS
JOHN A. KELLY
Attorneys for Defendant, MIDLAND CREDIT MANAGEMENT, INC.

THOMAS F. LANDERS [SBN 207335]
tlanders@swsslaw.com
JOHN A. KELLY [SBN 324463]
jkelly@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Defendant, MIDLAND CREDIT MANAGEMENT, INC.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| TIMOTHY CHANDLER, | Case No. 37-2022-00012482-CL-NP-CTL |
| Plaintiff, | **ANSWER TO COMPLAINT** |
| v. | Judge: Hon. Gregory W Pollack<br>Dept: C-71 |
| MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation, | Action Filed: April 4, 2022 |
| Defendant. | |

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 401 B Street, Suite 1200, San Diego, CA 92101.

On May 5, 2022, I served true copies of the following document(s) described as

1. **ANSWER TO COMPLAINT**

on the interested parties in this action as follows:

P:01545816.1:87025.439

Case No. 37-2022-00012482-CL-NP-CTL

ANSWER TO COMPLAINT

1  David J. McGlothlin, Esq.            Attorneys for Plaintiff,
   Mona Amini, Esq.                     TIMOTHY CHANDLER
2  Gustavo Ponce, Esq.
   KAZEROUNI LAW GROUP, APC
3  245 Fischer Avenue, Unit D1
   Costa Mesa, CA  92626
4  Telephone: (800) 400-6808
   Facsimile: (800) 520-5523
5  Email:  david@kazlg.com
           mona@kazlg.com
6          gustavo@kazlg.com
7
8      **BY MAIL:**  I caused the above documents to be enclosed in a sealed envelope addressed to
9  the persons at the address listed above and caused the envelope to be placed for collection and
10 mailing, following our ordinary business practices.  I am readily familiar with Solomon Ward
11 Seidenwurm & Smith, LLP's practice for collecting and processing correspondence for mailing.  On
12 the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary
13 course of business with the United States Postal Service, in a sealed envelope with postage fully
14 prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was
15 placed in the mail at San Diego, California.
16     I declare under penalty of perjury under the laws of the State of California that the foregoing
17 is true and correct.
18     Executed on May 5, 2022, at San Diego, California.
19
20                                         _____
                                           Shannon D Deissig
21
22
23
24
25
26
27
28

P:01545816.1:87025.439                -2-         Case No. 37-2022-00012482-CL-NP-CTL
                              ANSWER TO COMPLAINT