UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CHANDLER, and individual,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation,<br><br>Defendant. | Case No.: 3:22-cv-00636 W (DEB)<br><br>**ORDER GRANTING PLAINTIFF'S COUNSELS' MOTION TO WITHDRAW [DOC. 12]** |

Attorney Gustavo Ponce and Kazerouni Law Group have filed a motion to withdraw as attorney of record for Plaintiff Timothy Chandler. The motion is unopposed.

The Court decides the matter on the papers submitted. *See* Civ.L.R. 7.1.d.1. For the reasons set forth below, the Court **GRANTS** the motion [Doc. 12].

I. BACKGROUND

On April 4, 2022, Plaintiff Timothy Chandler filed the Complaint naming Defendant Midland Credit Management, Inc. ("Midland"), a Kansas corporation in the Superior Court of the State of California for the County of San Diego. (*See Notice of Removal* [Doc. 1-2].) On May 6, 2022, Midland filed the Answer and removed the action

to the United States District Court for the Southern District of California. (*See Notice of Removal* [Doc. 1].)

On December 12, 2022, Attorney Ponce filed the pending motion to withdraw as counsel representing the attorney-client relationship could not be maintained. In the motion, counsel states that Chandler has been unresponsive and communication with him has been completely lost. (*Mot.* at 2.) On January 9, 2023, Midland filed a Statement of Non-Opposition to Attorney Ponce's motion. (*Statement of Non-Opposition* [Doc. 13].)

## II. DISCUSSION

An attorney may not withdraw as counsel except by leave of court. Darby v. City of Torrance, 810 F.Supp. 275, 276 (C.D.Cal.1992); Civ.L.R. 83.3.f.3. "The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court...." Washington v. Sherwin Real Estate, Inc., 694 F.2d 1081, 1087 (7th Cir. 1982). Factors considered in evaluating the motion are "1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." CE Resource, Inc. v. Magellan Group, LLC, 2009 WL 3367489, at *2 (E.D.Cal. 2009) (citing Canandaigua Wine Co., Inc. v. Moldauer, 2009 WL 89141, at *1 (E.D.Cal. 2009)).

Withdrawal of counsel is governed by the standards of professional conduct required of members of the State Bar of California. See Nehad v. Mukasey, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). California Rule of Professional Conduct 3-700(C) enumerates several grounds under which counsel may properly seek to withdraw from a representation. Rule 3-700(B)(d) provides that an attorney may seek withdrawal where the client's conduct "renders it unreasonably difficult for the member to carry out the employment effectively." Accordingly, "[s]tate and federal courts in California have granted motions to withdraw where a client fails to cooperate and communicate with counsel regarding

the representation." BLK Enters., LLC v. Unix Packaging, Inc., 2018 WL 5993842, at *1 (C.D.Cal. 2018) (citations omitted).

Here, Chandler's failure to respond to Attorney Ponce's repeated attempts to contact him renders it unreasonably difficult for counsel to carry out his representation of Chandler in this lawsuit. Additionally, there is nothing in the record suggesting that Attorney Ponce and Kazerouni Law Group's withdrawal will prejudice the litigants in this matter, will harm the administration of justice, or unduly delay the resolution of this case. Further, Attorney Ponce has demonstrated diligence in attempting to notify his client of his intention and subsequent motion to withdraw. (*Ponce Decl. In Support Of Mot. to Withdraw* [Doc. 12-1] ¶¶ 4-8.)

### III. CONCLUSION & ORDER

For all the reasons set forth above, the Court **GRANTS** Attorney Ponce and Kazerouni Law Group's motion to withdraw as attorney of record for Plaintiff Timothy Chandler [Doc. 12] and **ORDERS** as follows:

- Attorney Ponce shall serve a copy of this order on Plaintiff Timothy Chandler at his last known mailing and e-mail address or addresses.
- On or before **January 24, 2023**, Attorney Ponce shall file a notice with this Court listing the mailing and e-mail addresses used to serve Plaintiff Timothy Chandler.
- On or before **January 31, 2023**, Plaintiff Timothy Chandler shall file a notice with this Court verifying his mailing and e-mail addresses.

**IT IS SO ORDERED.**

Dated: January 12, 2023

Hon. Thomas J. Whelan
United States District Judge